# IN THE COURT OF APPEALS OF IOWA

No. 18-1051
Filed May 15, 2019

**ANITA GUMM,**
        Plaintiff-Appellant,

**vs.**

**EASTER SEAL SOCIETY OF IOWA, INC., AMERICAN COMPENSATION INS. CO., and SFM INSURANCE COMPANY,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Paul Scott, Judge.


Anita Gumm appeals the denial of her petition for judicial review upholding the Workers' Compensation Commissioner's denial of her petition asserting she sustained a cumulative workplace injury. **REVERSED AND REMANDED.**


Joseph S. Powell of Thomas J. Reilly Law Firm, P.C., Des Moines, for appellant.

Lee P. Hook and Tyler S. Smith of Peddicord Wharton, LLP, West Des Moines, for appellees Easter Seal Society of Iowa, Inc. and SFM Insurance Company.

Thomas D. Wolle of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee American Compensation Ins. Co.


Considered by Doyle, P.J., Mullins, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Presiding Judge.**

Anita Gumm appeals the denial of her petition for judicial review upholding the Workers' Compensation Commissioner's denial of her petition asserting she sustained a cumulative workplace injury. Upon our review, we reverse the district court's ruling and remand to the commissioner for further proceedings.

### I. Background and Standard of Review.

In 2008, Anita Gumm slipped while working and fractured her right ankle. In 2009, it was determined Gumm was at maximum medical improvement for her injury, and she was assigned a 17% extremity impairment rating for the ankle fracture. She received permanent partial disability benefits and returned to full work activity without restrictions.

In 2014, Gumm filed a workers' compensation petition claiming she sustained a cumulative injury after she returned to work subsequent to the 2008 fracture. She alleged injury dates of March 6, 2012, May 16, 2013, and/or January 15, 2014. Ultimately, the agency found that Gumm failed to establish she sustained a cumulative injury following the 2008 fracture. A deputy commissioner found:

> Claimant has not shown she suffered a "distinct and discreet" disability attributable to the post-fracture work activities. Her continued work activities may have played a role in aggravating the right ankle condition and resulted in the need for further treatment, however, by the standard of the *Ellingson* [*v. Fleetguard, Inc.*, 599 N.W.2d 440 (Iowa 1999),] case, this form of aggravation is insufficient. Claimant suffered a significant fracture-dislocation and developed the inevitable posttraumatic arthritis that would be expected from such an injury. As a result of the arthritic condition, claimant required arthroscopy, arthrodesis, and more conservative treatment of the right ankle. These procedures represent sequelae of the original October 28, 2008 injury, not distinct cumulative injuries. Claimant also developed bilateral knee and back complaints

as a result of an altered gait following arthrodesis; these complaints also reflect sequelae of the original October 28, 2008 injury and are not distinct cumulative injuries.

The decision was affirmed by the agency and a petition for judicial review followed. The district court upheld the agency's determination and denied Gumm's petition. Gumm now appeals, renewing her arguments asserted before the district court.

Our analysis is shaped largely by the deference we are statutorily obligated to afford the agency. *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888-89 (Iowa 2014). In judicial review proceedings, the district court acts in an appellate capacity, reviewing the commissioner's decision to correct legal error. *See id.* at 888. On appeal, we apply the standards of Iowa Code chapter 17A (2017) to decide if we reach the same conclusion as the district court. *See id.* at 889. The commissioner is vested with the authority to apply the law to the facts. *See Drake Univ. v. Davis*, 769 N.W.2d 176, 183 (Iowa 2009). Because whether the commissioner misapplied the cumulative-injury doctrine to Gumm's situation depends on the application of law to facts, we will not disturb the decision unless it is "irrational, illogical, or wholly unjustifiable." *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 526 (Iowa 2012); *see also* Iowa Code § 17A.19(10)(i), (m). "A decision is 'irrational' when it is 'not governed by or according to reason.' A decision is 'illogical' when it is 'contrary to or devoid of logic.' A decision is 'unjustifiable' when it has no foundation in fact or reason." *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 432 (Iowa 2010) (citations omitted).

## II. Discussion.

Starting with the applicable law, we note disabilities arising from one-time traumas are not the only kind of injuries covered by our workers' compensation

statute.  *See McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 373 (Iowa 1985).  Disabilities gradually developing over a period of time from repetitive physical trauma in the workplace—a cumulative injury—also subject employers to liability.  *See id.* at 372-74.  In other words, a cumulative injury "develops over time from performing work-related activities and ultimately produces some degree of industrial disability."  *Ellingson v. Fleetguard, Inc.*, 599 N.W.2d 440, 444 (Iowa 1999), *overruled on other grounds by Waldinger Corp. v. Mettler*, 817 N.W.2d 1 (Iowa 2012).  When an employee whose work activities collectively cause the worker to suffer a debilitating condition, our "cumulative injury rule" allows the employee to receive compensation when the employee becomes aware of the injury.  *See Excel Corp. v. Smithart*, 654 N.W.2d 891, 896-97 (Iowa 2002), *superseded by statute*, 2004 Iowa Acts 1st Extraordinary Sess. ch. 1001, § 12, *as recognized in JBS Swift & Co. v. Ochoa*, 888 N.W.2d 887, 898 (Iowa 2016).

Cumulative-injury cases typically involve an injury resulting from years of continuous, repetitive movement that has taken a physical toll on a worker's body. *See, e.g., Larson Mfg., Co., Inc. v. Thorson*, 763 N.W.2d 842, 846-49 (Iowa 2009) (chronicling daily tasks of worker at storm door factory).  In such cases, a series of smaller hurts advances toward manifestation as an employee requires medical treatment and modification of work activities due to deterioration in function.  *See id.* at 859.  But the acceptance of gradual injury as the mechanism of harm does not exclude the idea that acute injuries can contribute to the employee's compensable disability under the cumulative-injury doctrine.  In the first Iowa case to recognize cumulative injury as a viable theory of recovery under the workers' compensation code, our supreme court recognized two acute injuries to the

worker's wrist as "the beginning of a series of hurts." *McKeever Custom Cabinets*, 379 N.W.2d at 373. Similarly, in *Floyd v. Quaker Oats*, the court rejected the employer's argument that "to show a cumulative injury a claimant must produce evidence of having suffered a distinct and discrete disability solely attributable to work activities over time, as opposed to an aggravation of a preexisting injury from an identified traumatic event." 646 N.W.2d 105, 108 (Iowa 2002). The fly in the ointment here is the *Ellingson* case.

In *Ellingson*, Ellingson was seeking benefits for "two separate compensable injuries"—the initial injury and the "distinct and discreet cumulative neck injury from which an episode of disability was manifested on June 17, 1992." 599 N.W.2d at 443. The agency "found that the only compensable injury established by the evidence was the January 4, 1985 injury." *Id*. More specifically:

> While claimant seeks to assert a cumulative injury occurring on or about June 17, 1992, the treating physician opines that claimant's ongoing condition has its origins in her work incident of January 4, 1985. Claimant's continuing symptoms and her need for additional surgery and other medical care causally relate back to the January 4, 1985 work injury. Hence, claimant has not established a separate injury arising out of or in the course of her employment on or about June 17, 1992.

*Id*. at 444-45. On appeal from judicial review, the supreme court held,

> To the extent that the evidence reveals a subsequent aggravation of Ellingson's January 4, 1985 injury, this is a relevant circumstance in fixing the extent of her permanent disability. Aggravating work activities were doubtless a causal factor with respect to the total degree of disability that she exhibited at the time of the hearing. It is clear, however, that she may not establish a cumulative-injury claim by merely asserting that her disability immediately following the January 4, 1985 injury was increased by subsequent aggravating work activities. That circumstance only serves to increase the disability attributable to the January 4, 1985 injury. To show a cumulative injury she must demonstrate that she has suffered a distinct and discreet disability attributable to post-1985 work activities

rather than as an aggravation of the January 4, 1985 injury. In presenting that claim to the commissioner, she could only prevail if the commissioner, as primary fact finder, found that a factual basis for a cumulative-injury disability existed. The commissioner did not make that finding.

*Id.* at 444. The court affirmed the district court upholding the agency's ruling on the issue. *Id.* at 445.

Here, Gumm maintains she sustained a cumulative aggravation of her acute October 2008 injury after she returned to work, contrary to the agency's determination. Gumm insists the facts of her case are like those in *Floyd*:

She sustained an acute injury in October of 2008, and the parties stipulated that injury resulted in a 17% lower extremity impairment rating. That stipulation was accepted and incorporated by reference into the agency's decision. Like . . . Floyd, Gumm did not seek to litigate the extent of disability benefits for the October 2008 injury due to the statute of limitations having run. The parties further stipulated that Easter Seals would receive a credit for the 17% previously paid for the 2008 injury, requiring Gumm to establish an increase in disability above 17% in order to recover.

In *Floyd*, Floyd sought compensation via two separate petitions. *See* 646 N.W.2d at 107. One petition sought compensation for his scheduled injury that occurred on September 3, 1993. *See id.* at 106-07. The other claimed "a cumulative injury subsequent to September 3, 1993." *Id.* at 107. Facing a statute of limitations defense, Floyd voluntarily dismissed without prejudice the petition involving the September 3 injury. *Id.* The second petition proceeded, and the deputy commissioner determined Floyd "had sustained a cumulative injury of 3.75% from day-to-day work activities after September 3, 1993." *Id.* The employer in *Floyd* argued Floyd did not establish a cumulative injury because there was no showing that Floyd "suffered a distinct and discreet disability solely attributable to work activities over time, as opposed to an aggravation of a preexisting injury from

an identified traumatic event." *Id.* at 108. The court found Floyd "should be permitted to recover *by way of a cumulative-injury claim* for any increase in functional disability shown to have occurred as the result of day-to-day activities in the workplace subsequent to the September 3, 1993 injury." *Id.* at 108 (emphasis added).

At first blush, the holdings of the two cases are seemingly incompatible, but reconciliation turns on the specific circumstances of the litigation in the two cases. The supreme court distinguished the two cases, explaining:

> The significant factor in the *Ellingson* case was that the extent of the 1985 injury was being litigated in the same proceeding in which the separate cumulative-injury claim was being urged. Moreover, the evidence conclusively showed that the ultimate extent of industrial disability was affected by job-related activities that aggravated the 1985 neck injury. As a result of that circumstance, this court held that the compensable consequences of the aggravation of the 1985 neck injury must be adjudicated as part of the disability flowing from that injury.
>
> In the present case, [Floyd's] arbitration petition seeking benefits for the September 3, 1993 injury was voluntarily dismissed in the face of a statute-of-limitations defense by the employer. The industrial commissioner concluded that the dismissal of that petition precluded any consideration of the September 3, 1993 injury as a compensable event. Given this circumstance, we believe that claimant should be permitted to recover by way of a cumulative-injury claim for any increase in functional disability shown to have occurred as the result of day-to-day activities in the workplace subsequent to the September 3, 1993 injury.

*Id.*[1] Our takeaway is that the *Floyd* holding creates a carefully circumscribed exception to the *Ellingson* holding. In other words, if a claimant is precluded by the statute of limitations from bringing an original proceeding or review-reopening, the claimant may recover by way of a cumulative-injury claim for any increase in

---

[1] We note that Justice Carter authored both *Ellingson* and *Floyd*.

functional disability shown to have occurred as the result of day-to-day activities in the workplace subsequent to the original injury without having to show he or she suffered a "distinct and discreet" disability attributable to the post-original-trauma work activities.

After analyzing the facts of this case and applicable law, the district court concluded:

> Here, the agency found that Gumm's day-to-day work activities may have played a role in aggravating her ankle, however it found this alone was not enough to establish a cumulative injury under *Ellingson*. The agency found that Gumm's ankle had never fully healed, and therefore she did not show by a preponderance of the evidence that she suffered a cumulative-trauma injury. Thus, the agency ultimately determined that any disability flowing from the original ankle injury would need to be adjudicated and calculated as one injury. A plain reading of *Floyd* suggests that it is immaterial whether or not the ankle fully healed if part of the industrial disability could be attributed to the acute injury and the rest of the disability could be attributed to post-injury work-related aggravation. The court recognizes the difficulty in reconciling the seemingly incompatible holdings of *Ellingson* and *Floyd*. Regardless, the agency, as the finder of fact, found that all of Gumm's disability stemmed from the traumatic injury that occurred on October 28, 2008 and the natural results therefrom, and therefore applied the holding from *Ellingson* to conclude that Gumm did not suffer a cumulative-trauma injury. The agency's application of the law was not irrational, illogical, or wholly unjustifiable in finding that Gumm failed to establish a cumulative injury by a preponderance of the evidence.

We agree with the agency that under the holding of *Ellingson*, Gumm failed to show she suffered a "distinct and discreet" disability attributable to her post-fracture work activities. But, that does not end the matter. The question boils down to whether the agency erred in failing to apply the *Floyd* holding.

Gumm, like Floyd, faced a statute of limitations defense. *See* Iowa Code § 85.26(1).[2] Gumm's last weekly payments were paid in May 2010. She filed her petition in February 2014, after the statute of limitations expired. Under similar circumstances, the supreme court held, "we believe that claimant should be permitted to recover by way of a cumulative-injury claim for any increase in functional disability shown to have occurred as the result of day-to-day activities in the workplace subsequent to the [traumatic] injury." *Floyd*, 646 N.W.2d at 108. We reach the same conclusion, particularly given "that our workers' compensation statute is to be liberally construed to implement its remedial purposes." *Swiss Colony, Inc. v. Deutmeyer*, 789 N.W.2d 129, 135 (Iowa 2010). Accordingly, we conclude the judgment of the district court must be reversed and the case remanded to the commissioner for further proceedings.

**REVERSED AND REMANDED.**

Danilson, S.J., concurs; Mullins, J., dissents.

---

[2] Iowa Code § 85.26(1) provides:
> An original proceeding for benefits under this chapter or chapters 85A, 85B, or 86, shall not be maintained in any contested case unless the proceeding is commenced . . . if weekly compensation benefits are paid under section 86.13, within three years from the date of the last payment of weekly compensation benefits.

**MULLINGS, Judge** (dissenting).

I respectfully dissent. I agree this case does not fit neatly within the analytical frameworks of either *Floyd v. Quaker Oats*, 646 N.W.2d 105, 108 (Iowa 2002), or *Ellingson v. Fleetguard, Inc.*, 599 N.W.2d 440 (Iowa 1999). *Floyd* can be understood as an exception to *Ellingson*, basically concluding if there is no compensation for the underlying injury, that injury can be included as part of a cumulative injury claim. *See Floyd*, 646 N.W.2d at 108. The "no compensation" in *Floyd* was because a statute of limitations barred the claim. *See id.*

In the present case, Gumm successfully resolved a claim for the underlying injury. I read the majority opinion to allow Gumm to pursue additional benefits for the underlying injury because the statute of limitations prevents her from claiming additional benefits for the underlying injury. I respectfully submit such a conclusion is an extension of *Floyd*, which I do not believe is or should be authorized. I would affirm.